IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM PAUL THOMAS AND CHANTHINI THOMAS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:19-cv-00685 |
| OCWEN FINANCIAL CORPORATION AND PHH MORTGAGE CORPORATION, A WHOLLY OWNED SUBSIDIARY OF OCWEN FINANCIAL CORPORATION, | § § § § § § | |
| Defendants. | § § | |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants, Ocwen Financial Corporation ("Ocwen") and PHH Mortgage Corporation ("PHH") (collectively, "Defendants"), file this Motion for Judgment on the Pleadings and respectfully show the Court as follows:

### I.   INTRODUCTION

1.   Plaintiff William Paul Thomas is the borrower on a home equity loan secured by the real property located at 3305 Parkwood Drive, Houston, Texas 77021 (the "Property").  After Defendant PHH Mortgage Corporation ("PHH") obtained an order authorizing it to proceed with the foreclosure of the Property due to the default on the loan, Plaintiffs filed the instant action in order to prevent the foreclosure.  Plaintiffs claim there is a break in the chain of title because there is no recorded assignment transferring the loan from the original lender to PHH.  Plaintiffs also claim they did not receive a notice of default before the Property posted for sale.  However, these allegations are without merit, as there is a recorded assignment from the original lender to PHH, and PHH served Plaintiffs with a notice of default prior to proceeding with foreclosure.

2.      Defendants' Motion for Judgment on the Pleadings should be granted for the following reasons:

- Plaintiffs' fraud claim fails because it is barred by the economic loss rule; Plaintiffs have failed to meet the heightened pleading standards of Rule 9(b); there is a recorded assignment from the original lender to PHH; and Plaintiffs were provided with a notice of default prior to the Property being posted for sale.

- Plaintiffs' claim for violation of the Real Estate Settlement Procedures Act ("RESPA") fails because Plaintiff Chanthini Thomas ("Mrs. Thomas") is not a "borrower" with standing to bring a RESPA claim; Plaintiffs have failed to allege sufficient facts to state a claim for violation of RESPA; and Plaintiffs have failed to allege damages sustained as a result of the alleged RESPA violation.

- Plaintiffs' claim for violation of the Texas Debt Collection Act ("TDCA") fails because it is based on improperly conclusory allegations; Plaintiffs have not suffered actual damages as a result of any alleged violation of the TDCA; the threat of foreclosure is not an action prohibited by law under the TDCA; and Plaintiffs make no allegations of any affirmative representations by Defendants that were false or misleading.

## II.      EVIDENCE IN SUPPORT OF RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

3.      In reviewing a Rule 12(c) motion, a district court generally must limit its review to the motion and the contents of the pleadings. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Pleadings, for purposes of a Rule 12(c) motion, include documents actually attached to the plaintiff's complaint as well as documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the claims asserted therein. *See In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 499 (5th Cir. 2000). In addition, a court evaluating a Rule 12(c) motion may take judicial notice of matters of public record, including pleadings from previous lawsuits. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *Morgan v. Medtronic, Inc.*, 172 F. Supp. 3d 959, 963 (S.D. Tex. 2016) ("[T]he court may take judicial notice of matters of public record, including pleadings filed in state court."); *United States ex rel. Long v. GSD & M Idea City LLC*, No. 3:11-CV-1154-O, 2014 WL 11321670, at *2

(N.D. Tex. Aug. 8, 2014) ("In deciding a Rule 12(c) motion, a court may . . . take judicial notice of matters of public record without converting the motion into a motion for summary judgment.")

4.      "[D]ocuments falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment." *Torello v. Mortgage Elec. Registration Sys., Inc.*, No. 3:12-CV-3726-O-BH, 2013 WL 3289526, at *4 (N.D. Tex. June 28, 2013); *see also Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 685 (S.D. Tex. 2014) (court could consider defendant's judicial foreclosure application, which included copies of the Note, Security Instrument, and Assignment, attached to defendants' 12(c) motion without converting the motion to dismiss to a motion for summary judgment where documents were referenced in plaintiffs' complaint and central to plaintiffs' claims regarding the assignment and attempted foreclosure of the home equity loan); *Sheppard v. Texas Dept. of Transp.*, 158 F.R.D. 592, 595 (E.D. Tex. 1994) ("[W]hen a plaintiff does not attach a pertinent document to the complaint and the document contradicts the complaint, a 'defendant may introduce the exhibit as part of his motion attacking the pleading [without converting motion into a motion for summary judgment].'") (citation omitted).

5.      In light of the foregoing, Defendants respectfully request that the Court take judicial notice of the following documents that are referred to in Plaintiffs' Original Petition and central to the claims asserted therein and/or are filed of record in the official public records of Harris County, Texas:

- Texas Home Equity Note dated November 30, 2012, a copy of which is attached hereto as Exhibit 1 and incorporated herein;

- Certified copy of Texas Home Equity Security Instrument (First Lien) dated November 30, 2012, a copy of which is attached hereto as Exhibit 2 and incorporated herein;

- Certified copy of Corporate Assignment of Deed of Trust dated June 25, 2014, a copy of which is attached hereto as Exhibit 3 and incorporated herein;

- Notice of Intention to Foreclose dated September 12, 2016, a copy of which is attached hereto as Exhibit 4 and incorporated herein;

- Certified copy of Application for an Expedited Order under Rule 736 on a Home Equity filed on May 8, 2018, in Cause No. 2018-30945, a copy of which is attached hereto as Exhibit 5 and incorporated herein;

- Certified copy of Order Granting Petitioner's Application for Expedited Foreclosure under Tex. R. Civ. Proc. 736 entered on December 29, 2018, in Cause No. 2018-30945, a copy of which is attached hereto as Exhibit 6 and incorporated herein; and

- Notices of Acceleration and Notice of Posting & Foreclosure dated January 14, 2019, and Notices of Trustee's Sale, copies of which are attached hereto as Exhibit 7 and incorporated herein.

### III.  MATERIAL FACTS

6.      On or about November 30, 2012, Plaintiff William Paul Thomas ("Mr. Thomas") executed a Texas Home Equity Note ("Note") in the amount of $160,000.00 originally payable to First Choice Loan Services, Inc.  *See* Exhibit 1; *Pls.' Orig. Pet.*, at ¶ 10.  In conjunction with the Note, Plaintiffs executed a Texas Home Equity Security Instrument (First Lien) ("Deed of Trust") (the Note and Deed of Trust are collectively referred to as "Loan") granting a security interest in the property located at 3305 Parkwood Drive, Houston, Texas 77021 ("Property") to secure the Note.  *See* Exhibit 2; *Pls.' Orig. Pet.*, at ¶ 10, Exhibit B.  The Deed of Trust identifies Mortgage Electronic Registration Systems, Inc. as the beneficiary, solely as a nominee for First Choice Loan Services, Inc. and its successors and assigns.  *See* Exhibit 2, at 2.

7.      Subsequently, Mortgage Electronic Registration Systems, Inc., as nominee for First Choice Loan Services, Inc., its successors and assigns assigned the Loan to Defendant PHH Mortgage Corporation ("PHH"), as evidenced by the Corporate Assignment of Deed of Trust

recorded in the official public records of Harris County, Texas as Document Number 20140309202.  *See* Exhibit 3; Exhibit 5, at 37.

8.    Mr. Thomas defaulted on the Loan by failing to make the payments due on June 1, 2016, and thereafter.  *See* Exhibit 4.  Therefore, on or about September 12, 2016, PHH served Mr. Thomas with a Notice of Intention to Foreclose via certified mail at his last known address stating that $7,228.88 was due within thirty-five days to cure the default on the Loan.  *See id.*; Exhibit 5, at 40-47.

9.    Mr. Thomas failed to cure his default and, as a result, the Loan was referred to foreclosure counsel.  On May 8, 2018, PHH, by and through its attorneys, filed an Application for an Expedited Order under Rule 736 on a Home Equity in the 165th Judicial District Court of Harris County, Texas.  *See* Exhibit 5; *Pls.' Orig. Pet.*, at ¶ 19.  On December 29, 2018, the 165th Judicial District Court of Harris County, Texas entered an Order Granting Petitioner's Application for Expedited Foreclosure under Tex. R. Civ. Proc. 736 authorizing PHH to proceed with the foreclosure of the Property.  *See* Exhibit 6; *Pls.' Orig. Pet.*, at ¶ 19, Exhibit E.

10.    On or about January 14, 2019, Plaintiffs were served with Notices of Trustee's Sale advising that the Property would be posted for sale on February 5, 2019.  *See* Exhibit 7; *Pls.' Orig. Pet.*, at ¶ 19, Exhibit E.  In response, Plaintiffs filed the instant action in order to vacate the Order authorizing PHH to foreclose and prevent PHH from proceeding with the foreclosure.  *See Pls.' Orig. Pet.*, at ¶¶ 35-37.

### IV.    ARGUMENT AND AUTHORITIES

*Legal Standard*

11.    A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the

pleadings and any judicially noticed facts." *Herbert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citations omitted). The standard for deciding a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (citation omitted).

12.     While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *See R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**A.     Plaintiffs' Common Law Fraud Claim Fails as a Matter of Law.**

13.     Plaintiffs' common law fraud claim is based on the allegations that there is no assignment of record transferring the Loan to PHH and that PHH failed to provide Plaintiffs with a Notice of Default before accelerating the Loan and posting the Property for sale. *See Pls.' Orig. Pet.*, at ¶¶ 23-24. Plaintiffs' fraud claim is barred by the economic loss rule, and even if it weren't, it would still fail, as Plaintiffs have failed to meet the pleading requirements of Rule 9(b), and the factual allegations that are the basis of Plaintiffs' fraud claim are without merit.

**1.     Plaintiffs' Fraud Claim Is Barred by the Economic Loss Doctrine.**

14.     The economic loss rule generally precludes recovery in tort for economic losses

resulting from the failure of a party to perform under a contract. "The economic loss rule dictates that '[w]hen the plaintiff's only harm is an economic loss caused by the defendant's failure to perform a contract, the defendant has breached a contractual duty, not a tortious one.'" *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *5 (N.D. Tex. Feb. 21, 2012) (quoting *Belanger v. BAC Home Loans Servicing, L.P.,* No. W11–CA–00086, 2011 WL 6987152, at *3 (W.D. Tex. Dec.9, 2011)). Put another way, the economic loss rule provides that "[w]hen the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Duplechaine v. HSBC Bank USA, N.A.*, No. 3:17-CV-00221, 2018 WL 2100256, at *3 (S.D. Tex. Apr. 18, 2018) (citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991)).

15.     The Fifth Circuit has further explained the economic loss doctrine as follows:

> Under this doctrine, a claim sounds in contract when the only injury is economic loss to the subject of the contract itself. In applying the rule, courts consider whether the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties. When no independent basis for liability exists, the rule applies.

*Law v. Ocwen Loan Servicing, L.L.C.*, 587 Fed. Appx. 790, 795 (5th Cir. 2014).

16.     Here, Plaintiffs generally allege that they sustained "actual damages . . . in excess of the minimum jurisdictional limits of this Court." *Pls.' Orig. Pet.*, at ¶¶ 23-24. Plaintiffs "provide[] no more specificity than that and suppl[y] no facts to support actual damages independently from the promissory note and Deed of Trust." *Duplechaine*, 2018 WL 2100256, at *3. Because Plaintiffs have "not alleged damages resulting independently from the promissory note and Deed of Trust, the economic loss doctrine bars [their] fraud claims." *Id.*; *see also Habel v. Wells Fargo Bank, N.A.*, No. H-17-1789, 2018 WL 4103227, at *2 (S.D. Tex. June 19, 2018) (holding fraud claim based on defendant's alleged failure to send notices of default and

foreclosure barred by the economic loss rule);[1] *Ballard v. Ditech Fin. LLC*, No. H-17-2159, 2018 WL 4103228, at *3 (S.D. Tex. Aug. 8, 2018) (holding fraud claim barred by economic loss rule where Plaintiffs did not allege damages independent of the loan, noting litigation costs, such as attorneys' fees, are insufficient to avoid the economic loss doctrine); *Guerrero v. Bank of Am. N.A.*, No. H-17-239, 2017 WL 2876504, at *3 (S.D. Tex. July 6, 2017) (holding fraud claim by borrower against lender barred by the economic loss doctrine);[2] *Daryani v. Wells Fargo Bank, N.A.*, No. 4:10–CV–05181, 2012 WL 3527924, at *3 (S.D. Tex. Aug. 13, 2012) (same).

### 2. Plaintiffs' Fraud Claim Fails to Meet Heightened Pleading Standard of Rule 9(b).

17.     Even assuming Plaintiffs' fraud claim is not barred by the economic loss doctrine, the claim would still fail because Plaintiffs have failed to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

18.     To prevail on a fraud claim, a plaintiff must show:  (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018), reh'g denied (June 15, 2018).

19.     State law fraud claims are subject to the heightened pleading requirements of Rule 9(b). *Sys. One Holdings LLC v. Campbell*, No. 18-CV-54, 2018 WL 4290459, at *5 (S.D. Tex. Aug. 21, 2018).  These requirements are to be imposed "strictly," requiring a plaintiff "to specify

---

[1] This case was brought by Plaintiffs' counsel in this matter.

[2] This case was brought by Plaintiffs' counsel in this matter.

the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008)). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" when asserting a claim for fraud. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

20.     Plaintiffs have not alleged their fraud claim with the particularity required by Rule 9(b) because they have not alleged any particulars at all, including "what the alleged material misrepresentation was, who made it, when it was made, where it was made, how it was made, what the substance of it was, how Plaintiff[s] relied on it, and how Plaintiff[s] suffered injury as a result of it." *Lyons v. Wells Fargo Bank, N.A.*, No. 4:17-CV-01635, 2018 WL 5732084, at *4 (S.D. Tex. July 27, 2018).  Therefore, Plaintiffs' fraud claim fails as a matter of law.  *See id.*; *Stradley v. Wells Fargo Bank, N.A.*, No. 4:18-CV-189-ALM-CAN, 2019 WL 573457, at *6 (E.D. Tex. Jan. 8, 2019) (dismissing common law fraud claim for failure to meet Rule 9(b) pleading standard where plaintiff did not indicate the false statements that were made, who or when the allegedly false statements were made, or that defendants knew any alleged misrepresentations were false or made them recklessly without knowledge of their truth); *Guerrero*, 2017 WL 2876504, at *3.

   **3.     The Assignment from the Original Lender to PHH Is Filed of Record, and PHH Served Mr. Thomas with a Notice of Default.**

21.     Even if Plaintiffs' fraud claim were not barred by the economic loss doctrine and Plaintiffs met the heightened pleading standards of Rule 9(b), the claim would still fail, as the factual allegations that are the basis of Plaintiffs' fraud claim are meritless.  Plaintiffs' common law fraud claim is based on the allegations that "there is NO ASSIGNMENT OF RECORD which evidences that Defendant PHH Mortgage or any other lender was ever assigned the

Plaintiffs' Loan from the Original Lender" and "Defendant PHH Mortgage fail[ed] to provide Plaintiffs with a Notice of Default and Opportunity to Cure . . . before accelerating the Loan and posting Plaintiff's homestead property for foreclosure sale." *Pls.' Orig. Pet.*, at ¶¶ 23-24.

22.     However, the Corporate Assignment of Deed of Trust memorializing the assignment of the Loan from the Original Lender to PHH was recorded in the official public records of Harris County, Texas on July 16, 2014.  *See* Exhibit 3; Exhibit 5, at 37.  Additionally, PHH served Mr. Thomas with a Notice of Intention to Foreclose via certified mail at his last known mailing address on or about September 12, 2016, advising him of the amount due to cure the default and stating that the "[f]ailure to cure the default by 10/17/2016 will result in acceleration of the sums secured by the Security Instrument and sale of the property." Exhibit 4, at 3; Exhibit 5, at 42.

23.     Under Texas law, "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . with written notice by certified mail stating that the debtor is in default under the deed of trust . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b)." Tex. Prop. Code § 51.002(d).  Mrs. Thomas, who signed the Deed of Trust but not the Note, is not a "debtor in default" required to be served with notice of the default.  *See Robinson v. Wells Fargo Bank, N.A.*, 576 Fed. Appx. 358, 361 (5th Cir. 2014) (spouse who did not sign note but only signed deed of trust not required to be served with notice of default); *Smith v. JPMorgan Chase Bank, N.A.*, No. 4:15-CV-00682-ALM, 2016 WL 11472828, at *6 (E.D. Tex. Aug. 11, 2016) ("A spouse who signs a deed of trust as the spouse of a borrower, but does not sign the loan or note, is not a 'borrower' or 'debtor' entitled to notice of intent to accelerate or intent to foreclosure under Texas law.").

24.     Additionally, "[s]ervice of a notice . . . is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e).   Under these provisions, only constructive notice—rather than actual notice—is required. *Wilmington Tr., Nat'l Ass'n v. Blizzard*, 702 Fed. Appx. 214, 217 (5th Cir. 2017).   Because PHH served Mr. Thomas with a Notice of Default via certified mail to his last known mailing address, Plaintiffs' claim that PHH failed to provide notice of the default is meritless.[3]

**B.     Plaintiffs' Claim for Violation of the Real Estate Settlement Procedures Act ("RESPA")/Regulation X of the Code of Federal Regulations Fails as a Matter of Law.**

25.     Plaintiffs allege PHH violated Regulation X, which they claim is actionable through RESPA, by making several unspecified "misrepresentations of material fact to the Plaintiffs." *Pls.' Orig. Pet.*, at ¶ 27.   As an initial matter, because Mrs. Thomas did not sign the Note, she is not a "borrower" with standing to bring a RESPA claim.   Additionally, Plaintiffs have failed to state sufficient facts to allege a violation of RESPA.   Furthermore, Plaintiffs have failed to allege actual damages attributable to any alleged RESPA violation.

**1.     Plaintiff Chanthini Thomas Is Not a "Borrower" with Standing to Bring a RESPA Claim.**

26.     12 U.S.C. § 2605 specifies that civil liability under RESPA is limited to borrowers.   District courts within the Fifth Circuit have held that an individual who does not sign the promissory note is not a borrower, and therefore lacks standing to bring a RESPA claim.   *See Hobbs v. Nationstar Mortgage LLC*, No. 4:18-CV-00496-O, 2018 WL 6305594, at *2 (N.D.

---

[3] The Deed of Trust states that "[n]otice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise." Exhibit 2, at ¶ 14.   Thus, even if Mrs. Thomas were required to receive notice of the default, the notice sent to Mr. Thomas was sufficient under Texas law.   *See Robinson v. Wells Fargo Bank, N.A.*, 576 Fed. Appx. 358, 361-62 (5th Cir. 2014) (because defendant sent notice of default by certified mail to husband's last known address, wife received constructive notice and defendant fulfilled its notice requirements under Texas law).

Tex. Dec. 3, 2018) (citing *Bridges v. Bank of N.Y. Mellon*, No. H-17-1429, 2018 WL 836061, at *7-8, 2018 U.S. Dist. LEXIS 22373, at *18-19 (S.D. Tex. Feb. 12, 2018); *Smith v. JPMorgan Chase Bank, N.A.*, No. 4:15-682, 2016 U.S. Dist. LEXIS 127030, 2016 WL 4974899, at *7 (E.D. Tex. Sept. 19, 2016)(adopting recommendation of dismissal for lack of standing asserted by non-borrower spouse and holding that "the protections of RESPA apply only to borrowers and/or loan applicants") *aff'd by Smith v. JPMorgan Chase Bank, N.A.*, 2017 U.S. App. LEXIS 21101, 2017 WL 4838389 (5th Cir. Tex., Oct. 25, 2017) (per curiam)); *see also Hunt v. HSBC Bank USA Nat'l Ass'n*, No. 1-15-CV-122 RP, 2015 WL 11545018, at *2 (W.D. Tex. Mar. 16, 2015) (holding plaintiffs lacked standing to assert any violation of RESPA because they were not "borrowers"). Other federal courts have explained that "only individuals who execute the promissory note are 'borrowers' with standing to bring a RESPA claim." *Hobbs*, 2018 WL 6305594, at *2 (citing *Nelson v. Nationstar Mortg. LLC*, No. 7:16-CV-00307-BR, 2017 U.S. Dist. LEXIS 45276, 2017 WL 1167230, at *3 (E.D.N.C. Mar. 28, 2017) (collecting cases)).

27.     Here, Mrs. Thomas lacks standing to bring a RESPA claim because she is not a "borrower" or otherwise obligated on the Loan.  Mrs. Thomas did not sign the Note; only Mr. Thomas signed the Note.  *See* Exhibit 1.  Accordingly, Mrs. Thomas is not a "borrower" under RESPA, and she lacks standing to bring a claim under RESPA. *See Hobbs*, 2018 WL 6305594, at *2 (dismissing RESPA claim brought by plaintiff who did not sign the Note and was not obligated on the Loan); *Lackie v. PHH Mortgage Corp.*, No. 3:17-CV-377-BT, 2018 WL 4409799, at *3 (N.D. Tex. Sept. 17, 2018) (holding plaintiff who owned subject property and co-signed security instrument securing note but did not sign note lacks standing to pursue a RESPA violation).

      **2.**      **Plaintiffs Have Failed to Allege Sufficient Facts to State a Claim for Violation of RESPA.**

      28.      Plaintiffs' RESPA claim is based on the allegation that PHH violated Regulation X by "ma[king] several misrepresentations of material fact to the Plaintiffs." *Pls.' Orig. Pet.*, at ¶ 27. This vague allegation is insufficient to state a claim for violation of RESPA. *See Higginbotham v. IndyMac Bank, F.S.B.*, No. 4:17-CV-00229, 2017 WL 2701939, at *4 (E.D. Tex. June 1, 2017);[4] *Motten v. Chase Home Finance,* 831 F.Supp.2d 988, 995 (S.D.Tex.2011).

      29.      Additionally, to the extent the alleged misrepresentations relate to PHH's alleged failure to provide a Notice of Default or the alleged lack of an assignment from the original lender to PHH, as discussed more fully above, these allegations are without merit.  *See supra*, Section IV.A.3; Exhibits 3, 4.

      **3.**      **Plaintiffs Have Failed to Allege Actual Damages Attributable to Any Alleged Violation of RESPA.**

      30.      Plaintiffs have failed to provide any explanation as to how they suffered actual damages as a result of PHH's alleged failure to comply with Regulation X.  To state a claim for a RESPA violation, a plaintiff must allege actual damages resulting from the violation. *See Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1017 (N.D. Tex. 2013); *Avila v. JPMorgan Chase Bank, N.A.*, No. H–14–3502, 2015 WL 1648940, at *3 (S.D. Tex. Apr. 13, 2015) ("[T]o survive a motion to dismiss under Rule 12(b)(6) a plaintiff must allege actual damages resulting from a violation of § 2605.").  To show actual damages, a complaint must contain more than "only a conclusory statement." *Allen v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:16–CV–0249–D, 2017 WL 3421067, at *4 (N.D. Tex. Aug. 9, 2017).  The complaint must include "facts giving rise to a reasonable inference that [Plaintiff] suffered actual damages from

---

[4] This case was brought by Plaintiffs' counsel in this matter.

the alleged violation of RESPA." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012).

31.     Plaintiffs generally allege that PHH's RESPA violation is "a producing cause of the actual damages sustained and incurred by the Plaintiffs," *Pls.' Orig. Pet.*, at ¶ 27, yet Plaintiffs fail to delineate what those damages are and/or how such damages are the result of PHH's alleged violation of RESPA. *See Stradley*, 2019 WL 573457, at *8.[5]  Because Plaintiffs allege no facts upon which their injuries could be viewed as resulting from Defendants' alleged failure to comply with RESPA, Plaintiffs' RESPA claim should be dismissed. *See id.; see also Law*, 587 F. App'x. at 795 ("Because [the plaintiff] alleged no facts upon which his injuries could be viewed as resulting from [the defendant's] failure to provide him with notice under RESPA, we conclude that the district court correctly dismissed his claim."); *Duplechaine*, 2018 WL 2100256, at *5 (dismissing RESPA claim where plaintiff "fail[ed] to properly allege actual damages attributable to any alleged violation of RESPA"); *Verver v. Wells Fargo Bank, N.A.*, No. 4:18-CV-349-ALM-CAN, 2018 WL 6735100, at *7 (E.D. Tex. Oct. 31, 2018) (dismissing RESPA claim where plaintiff did not allege injuries resulting from defendant's alleged RESPA violation);[6] *Obazee v. The Bank of New York Mellon*, No. 3:15-CV-1082-D, 2015 WL 4602971, at *4 (N.D. Tex. July 31, 2015) ("[B]ecause [plaintiff] has failed to plausibly allege that he has suffered actual damages as a result of defendants' alleged violations of 12 C.F.R. § 1024.41 and RESPA, 12 U.S.C. § 2605(f), the court grants defendants' motion to dismiss these claims."); *Hurd*, 880 F.Supp.2d at 768 (dismissing claim under RESPA where plaintiff failed to "alleg[e] any facts giving rise to a reasonable inference that she suffered actual damages from the alleged violation of . . . RESPA.").

---

[5] This case was brought by Plaintiffs' counsel in this matter.

[6] This case was brought by Plaintiffs' counsel in this matter.

C.     **Plaintiffs' Claim for Violation of the Texas Debt Collection Act Fails as a Matter of Law.**

32.     Plaintiffs claim PHH violated the Texas Debt Collection Act ("TDCA") by failing to provide them with any subsequent Notice of Default after accepting payments and instead proceeding to accelerate the Loan and post the Property for sale.  *See Pls.' Orig. Pet.*, at ¶ 32. Plaintiffs argue PHH's alleged failure to send a Notice of Default violated Texas Finance Code sections 392.301(a)(7), 392.301(a)(8), 392.304(a)(8), and 392.304(a)(19).  *See id.*, at ¶¶ 32-33.

33.     As an initial matter, all of Plaintiffs' TDCA claims should be dismissed because they are improperly conclusory and thus fail to state a plausible claim for relief.  *See Verver*, 2018 WL 6735100, at *7 (dismissing TDCA claim based on conclusory allegation that defendant failed to provide a subsequent notice of default); *Giese v. U.S. Bank Nat'l Ass'n as Tr. for Residential Asset Sec. Corp.*, No. 4:18-CV-182-ALM-CAN, 2018 WL 5779601, at *4 (E.D. Tex. Oct. 5, 2018) (dismissing TDCA claim based on conclusory allegation defendant failed to send a notice of default);[7] *Guerrero*, 2017 WL 2876504, at *6 (same).

34.     Additionally, "Plaintiffs must prove that they suffered an actual, foreseeable injury to state a TDCA claim." *Snowden v. Wells Fargo Bank, N.A.*, No. 3:18-CV-1797-K-BN, 2019 WL 587304, at *8 (N.D. Tex. Jan. 18, 2019) (citations omitted).  Because Plaintiffs have not suffered actual damages as a result of any of the alleged TDCA violations, all of their TDCA claims should be dismissed.  *See id.*; *Adams v. U.S. Bank, N.A.*, No. 3:17-CV-723-B-BN, 2017 WL 10296307, at *8 (N.D. Tex. Dec. 4, 2017); *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 801 (S.D. Tex. 2010) ("Texas courts have stated that a plaintiff who cannot prove actual damages cannot 'successfully maintain an action under the [Texas Debt Collection] Act.'")

---

[7] This case was brought by Plaintiffs' counsel in this matter.

(quoting *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 30-31 (Tex. App.—Tyler 2000, pet. denied)).

35.     Furthermore, the claim that Plaintiffs were not provided with a Notice of Default is without merit, as Mr. Thomas was served with a Notice of Default on or about September 12, 2016.  *See* Exhibit 4; Exhibit 5, at 40-47; *supra*, Section IV.A.3.  To the extent Plaintiffs claim they are entitled to additional Notices of Default, they are mistaken, as PHH is "not required to repeatedly provide notice of default . . . before pursuing foreclosure." *Stradley*, 2019 WL 573457, at *9 (citing *Higginbotham*, 2017 WL 2701939, at *4 (E.D. Tex. June 1, 2017)).

**1.      Section 392.301(a)(7).**

36.     Section 392.301(a)(7) prohibits a debt collector from "threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings." TEX. FIN. CODE § 392.301(a)(7).  "This section of the TDCA is not intended to prevent a Defendant from 'exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings.'" *Lyons*, 2018 WL 5732084, at *5 (quoting TEX. FIN. CODE § 392.301(b)(3)).[8] Based on the language of the TDCA, "a threat of nonjudicial foreclosure is 'not an action prohibited by law.'" *Id.* (citation omitted).  Therefore, Plaintiffs' claim for violation of section 392.301(a)(7) should be dismissed. *See Stradley*, 2019 WL 573457, at *9.

**2.      Section 392.301(a)(8).**

37.     Section 392.301(a)(8) prohibits debt collectors from using "threats, coercion, or attempts to coerce that employ . . . threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8).  "[F]oreclosing without sending a new notice of default does not amount

---

[8] This case was brought by Plaintiffs' counsel in this matter.

to a violation of Section 392.301(a)(8)." *Schor v. JPMorgan Chase Bank, N.A.*, No. 4:16-CV-00829, 2017 WL 3205714, at *5 (E.D. Tex. July 10, 2017).[9]

38.     Additionally, "foreclosure, or the threat of foreclosure, is not an action prohibited by law [under the TDCA] when a plaintiff has defaulted on their mortgage." *Wildy v. Wells Fargo Bank, NA,* No. 3:12–CV–01831–BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012); *see also Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) ("irrespective of any statutory notice requirements," section 392.301(a)(8) is not violated when the mortgagee retains its contractual right to foreclose and the mortgagor is in default).  Accordingly, Plaintiffs' claim for violation of section 392.301(a)(8) fails as a matter of law.  *See Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 815 (N.D. Tex. 2012), aff'd, 538 Fed. Appx. 391 (5th Cir. 2013) (foreclosing on delinquent loan is not an "action prohibited by law" within meaning of TDCA provision prohibiting debt collectors from taking or threatening to take any action prohibited by law).

### 3.     Section 392.304(a)(8).

39.     Section 392.304(a)(8) prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . . ." TEX. FIN. CODE § 392.304(a)(8).  "To state a claim for violation of [section] 392.304(a)(8), Plaintiffs must show that the debt collector 'made a misrepresentation that led [them] to be unaware (1) that [they] had a mortgage debt, (2) of the specific amount [they] owed, or (3) that [they] had defaulted.'" *Carey v. Fargo*, No.  H-15-1666, 2016 WL 4246997, at *4 (S.D. Tex. Aug. 11, 2016) (quoting *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 832 (5th Cir. 2015)).  "For a statement to constitute a misrepresentation under the TDCA, the debt collector must have made an affirmative statement that was false or

---

[9] This case was brought by Plaintiffs' counsel in this matter.

misleading." *Burr v. JPMorgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1059043, at *7 (S.D. Tex. Mar. 28, 2012); *see also Reynolds v. Sw. Bell Tel., L.P.*, No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App.—Fort Worth June 29, 2006, pet. denied) ("In order to constitute a misrepresentation, [Defendant] must have made a false or misleading assertion.").

40. Here, Plaintiffs do not point to any affirmative statement PHH made that was false or misleading. *See Adams*, 2018 WL 2164520, at *9 (must allege specific affirmative statements to be able to state claim under section 392.304(a)(8)); *Snowden*, 2019 WL 587304, at *7-8. Plaintiffs' Original Petition "merely alludes to the existence of statements made during discussions regarding Plaintiff's loss mitigation application(s) and makes no definitive assertion that any such statements were false." *Stradley*, 2019 WL 573457, at *9. Additionally, "[r]epresentations related to a loan modification do not constitute an attempt to collect a debt." *Id.* (citation omitted).

41. Further, because Plaintiffs fail to allege that PHH made false statements, they consequently cannot demonstrate that PHH "made a misrepresentation that led [them] to be unaware (1) that [they] had a mortgage debt, (2) of the specific amount [they] owed, or (3) that [they] had defaulted." *Rucker*, 806 F.3d at 832 (indicating what a plaintiff must show to support a claim for violation of Section 392.304(a)(8) specifically). Therefore, Plaintiffs' claim for violation of section 392.304(a)(8) fails as a matter of law. *See Stradley*, 2019 WL 573457, at *9; *Adams*, 2018 WL 2164520, at *9; *Snowden*, 2019 WL 587304, at *10.

**4. Section 392.304(a)(19).**

42. Section 392.304(a)(19) "operates effectively as a 'catch-all' provision, prohibiting a debt collector from 'using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.'" *Sanghera*, 2012 WL 555155, at *8 (citing TEX. FIN.

CODE § 392.304(a)(19)).

    43.    Plaintiffs' claim for violation of section 392.304(a)(19) fails for the same reasons as their claim for violation of section 392.304(a)(8)—Plaintiffs make no allegations of any affirmative representations by PHH that were false or misleading. *See Adams*, 2018 WL 2164520, at \*10; *Snowden*, 2019 WL 587304, at \*11 ("Plaintiffs allege no specific facts to show that Wells Fargo made an affirmative and false or misleading statement. Wells Fargo's alleged deviations, in one way or another, from the Note and Deed of Trust do not constitute the affirmative statements required to state a Section 392.304(a)(19) claim."). Therefore, Plaintiffs' claim for violation of section 392.304(a)(19) fails as a matter of law.

### Relief Requested

    Defendants respectfully request that the Court dismiss Plaintiffs' claims against Defendants in their entirety and with prejudice to refiling the same, find that leave to amend would be futile, award Defendants judgment that Plaintiffs take nothing by this action against Defendants, and that Defendants recover their attorneys' fees and all costs incurred in this action, together with all relief to which Defendants may be justly entitled.

Respectfully submitted,

/s/ Lauren N. Beverly
J. Garth Fennegan
Texas Bar I.D. 24004642
Southern Bar District No. 22521
*gfennegan@settlepou.com*
Lauren N. Beverly
Texas Bar I.D. 24073922
Southern District No. 1777815
*lbeverly@settlepou.com*

SettlePou
3333 Lee Parkway, Eighth Floor
Dallas, Texas  75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR DEFENDANTS

### Certificate of Service

I certify that this document was served in accordance with the Federal Rules of Civil Procedure on June 24, 2019, by the manner indicated upon the following persons:

Via ECF
John G. Helstowski
J. GANNON HELSTOWSKI LAW FIRM
13601 Preston Road, Suite E920
Dallas, Texas 75240
*Attorneys for Plaintiffs*

/s/ Lauren N. Beverly
Lauren N. Beverly

DMS-#920907-v1-Defendants__Motion_for_Judgment_on_the_Pleadings.docx